Courtney MANBECK, individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

KATONAH–LEWISBORO SCHOOL DISTRICT, Robert Lichtenfeld, school superintendent, individually and in his official capacity, Transportation Department and James Minihan, Transportation Supervisor, individually and in his official capacity, Defendants–Appellees.

No. 06–3052–cv.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

Alexandra T. Manbeck, Cross River, NY, for Appellant.

Daniel L. Adams, Rutherford & Christie, LLP, New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, LEWIS A. KAPLAN,[1] District Judge.

**SUMMARY ORDER**

Plaintiff appeals from an order of the United States District Court for the Southern District of New York (Conner, *J.*) granting defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6). We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

At the time suit was filed, plaintiff was not entitled to a public education as a property interest protected by the Due Process Clause, *see Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), because her fifth birthday was after

1. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

December 1, 2005. Property interests protected by procedural due process "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To determine whether a person has a legitimate claim to a benefit, "we look to the statutes and regulations governing the distribution of benefits." *Kapps v. Wing,* 404 F.3d 105, 113 (2d Cir.2005). The pertinent statute provides that school boards are not required "to admit a child who becomes five years of age after the school year has commenced unless his birthday occurs on or before the first of December." N.Y. Educ. Law § 3202(1). To the extent that plaintiff continues to press a substantive due process claim, we note that "[t]he Fourteenth Amendment does not protect a public education as a substantive fundamental right." *Handberry v. Thompson,* 446 F.3d 335, 352 (2d Cir.2006).

New York Education Law § 3202(1) is consistent with the Equal Protection Clause, which does not require classes of people that are "different in fact or opinion to be treated in law as though they were the same." *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (quoting *Tigner v. Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940)) (internal quotation mark omitted). In considering the New York State Legislature's decision to set December 1 as the cutoff date for kindergarten admission, we are mindful that "[a] legislature must have substantial latitude to establish classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the State to remedy every ill." *Id.* Moreover, defendants' refusal to provide plaintiff with public transportation to the private school at which she attended kindergarten did not violate the Equal Protection Clause. The Legislature has rationally determined that, although a school district in New York must provide transportation "for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children," N.Y. Educ. Law § 3635(1)(a), it has no obligation to transport a child "who is younger than the age of entrance into the public schools established by the school district in which that child resides," N.Y. Comp.Codes R. & Regs. tit. 8, § 125.9.

We have considered plaintiff's remaining contentions and found them to be without merit.

For the foregoing reasons, we AFFIRM the district court's judgment.